**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DAWN M. SUTTLE AND | ) | CASE NO. 05-69004 |
| CHARLES S. SUTTLE, | ) | |
| | ) | ADV. NO. 08-6011 |
| Debtors. | ) | |
| _____ | ) | JUDGE RUSS KENDIG |
| ANNE PIERO SILAGY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| v. | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |
| DAWN M. SUTTLE AND | ) | |
| CHARLES S. SUTTLE, | ) | |
| | ) | |
| Defendants. | ) | |

Chapter 7 trustee Anne Piero Silagy's (hereafter "Trustee") motion for summary judgment is now before the Court. Trustee seeks revocation of defendant-debtor Dawn M. Suttle's[1] (hereafter "Debtor") discharge under 11 U.S.C. § 727 and entry of a monetary judgment against her. Debtor opposed the motion, arguing that issues of fact preclude summary judgment.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(J). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

**FACTS**

Dawn M. Suttle and Charles S. Suttle (hereafter "Debtors") filed a joint chapter 7 case on October 15, 2005. Robert H. Cyperski, the original trustee in their case, conducted the 341 meeting of creditors on December 29, 2005. Subsequently, on

---

[1] Trustee obtained a default judgment against defendant-debtor Charles S. Suttle in an order dated April 28, 2008.

February 22, 2006, Mr. Cyperski filed a notice of assets and requested a claims bar date for creditors to file claims. The interim report by the trustee on February 22, 2006 indicates potential estate assets included real estate equity and tax refunds in an unknown amount. The discharge order was entered on March 1, 2006.

Upon filing their 2005 federal and state tax returns, the debtors became entitled to tax refunds as follows:

Dawn M. Suttle, federal tax refund of $1,070.00
Dawn M. Suttle, Ohio tax refund of $211.00
Charles S. Suttle, federal tax refund of $402.00
Charles S. Suttle, Ohio tax refund of $256.00

*See* Trustee's M. Summ. J., Exh. A-1. Mr. Cyperski issued two demand letters on Debtors' counsel for the refunds, one dated May 12, 2006 and one dated August 16, 2006. *See* Trustee's M. Summ. J., Exh. A-2. Debtors did not respond.

On September 14, 2007, Anne Piero Silagy was appointed successor trustee in the case. On November 9, 2007, Trustee filed a motion for turnover of the income tax proceeds. No objections were filed and the Court entered an order granting the motion on December 6, 2007. The order directed Dawn M. Suttle to turn over $1,281.00; Charles S. Suttle was ordered to turn over $658.00 to Trustee. Both failed to deliver the proceeds to Trustee.

Thereafter, on January 28, 2008, Trustee filed an adversary complaint seeking revocation of Debtors' discharge pursuant to 11 U.S.C. § 727(d) and judgment against the Debtors in the amount of $1,939.00. Debtor Dawn M. Suttle filed an answer on March 17, 2008; Debtor Charles S. Suttle did not respond. Trustee obtained default judgment against Mr. Suttle on April 28, 2008. Trustee filed her motion for summary judgment on May 30, 2008. Debtor responded on July 1, 2008 (one day late); Trustee filed a reply on July 7, 2008.

## DISCUSSION

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 into bankruptcy practice. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The moving party bears the burden of demonstrating that there are no genuine issues of material fact. Phillips v. Roane County, 534 F.3d 531 (6th Cir. 2008) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). It is not necessary for the moving party to affirmatively show an absence of material facts through the production of evidence, but the moving party can meet its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." White v. Baxter Healthcare Corp., 533 F.3d 381 (6th Cir. 2008) (quoting Celotex Corp v. Catrett, 477 U.S. 317, 325 (1986)). It is then up to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Hatchett v. U.S., 330 F.3d 875, 880 (6th Cir. 2003). The nonmoving party "cannot rest on its pleadings, but must come forward with some probative evidence to supports its claim." Huizinga v. U.S., 68 F.3d 139 (6th Cir. 1995) (citing Celotex, 477 U.S. at 324).

When reviewing a motion for summary judgment, "the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." Regal Cinemas, Inc. v. First Interstate Willoughby, Ltd., 208 Fed.Appx. 365 (6th Cir. 2006) (unpublished) (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing (nonmoving) party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; see also Matsushita, 475 U.S. 574.

Trustee argues that she is entitled to summary judgment on her section 727(d)(3) claim. According to Trustee, Debtor's failure to turn over the tax refunds as directed by the December 6, 2007 order is the factual basis for revocation under section 727(d)(3). In conjunction with 11 U.S.C. § 727(a)(6), section 727(d)(3) provides that a court may revoke a debtor's discharge if

The debtor has refused, in the case--

    (A)    to obey a lawful order of the court, other than an order to respond to a material question or to testify . . . .

On section 727(d) actions, Trustee bears the burden of proof by a preponderance of the evidence. See Sicherman v. Rivera (In re Rivera), 356 B.R. 786 (unpublished) (citing Keeney v. Smith (In re Keeney), 227 F.3d 679, 683 (6th Cir. 2000); Hamo v. Wilson (In re Hamo), 223 B.R. 718, 724 (B.A.P. 6th Cir. 1999). 'Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation.' Humphreys v. Stedham (In re

Stedham), 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005) (quoting Buckeye Retirement Co. v. Heil (In re Heil), 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003)).

Clearly, the turn over order was a lawful order of the court. Trustee, through her affidavit, stated that Debtor did not comply with the order. *See* Trustee's M. Summ. J., Exh. A. Trustee has met her initial burden of proof, so the Debtor must now establish that there are material facts at issue which establish the need for trial.

Debtor's response does not deny the factual allegations raised by Trustee regarding non-compliance with the Court order. Instead, Debtor focuses on the amount Trustee seeks from her. This simply is immaterial to the legal issue raised by Trustee on her motion for summary judgment. Debtor has introduced no evidence, by way of affidavits or otherwise, from which the Court can reasonably infer that she complied, or attempted to comply, or that there are any facts to refute her non-compliance, with the order for turnover. To the contrary, Trustee has successfully demonstrated that Debtor never responded to the demand letters or the turnover motion and failed to comply with the order. Therefore, the court finds that no genuine issues of material fact exist and that Trustee is entitled to a judgment as a matter of law under section 727(d)(3). *See* Davis v. Stevens (Stevens), 2007 WL 2079717 (Bankr. N.D. Ohio 2007) (slip opinion).

In addition to revocation of Debtor's discharge, Trustee also seeks a judgment of $1,281.00 against Debtor.[2] Debtor contends that she should only have to pay Trustee $969.00, representing one-half of the total refunds received by both debtors, in light of her post-petition divorce from the joint debtor. Debtor cites no legal authority for this proposition. It appears that Debtor is attempting to mount an impermissible collateral attack on the turnover over. *See generally* Al Perry Enter., Inc. v. Appalachian Fuels, LLC, 2006 WL 3138720 (E.D. Ky. 2006), *aff'd*, 503 F.3d 538 (6th Cir. 2007); Car-Tec, Inc. v. Venture Indus., Inc. (In re AutoStyle Plastics, Inc.), 227 B.R. 797, 801 (Bankr. W.D. Mich. 1998); In re Fulton Bellows & Components, Inc., 301 B.R. 723 (Bankr. E.D. Tenn. 2003).

If the Court were to adopt Debtor's position, the result would effectively require the co-debtor, Mr. Suttle, to pay money to Trustee that he never had, and to which he was not entitled, and would allow Debtor to keep non-exempt property of the estate. The Court cannot condone this result and finds that Debtor has not offered any legal or factual support for adoption of her position. The debtors did not file a joint tax return, but each individually filed returns as "married filing separately." *See* Trustee's M. Summ. J., Exh. A-1. A judgment in favor of Trustee in the amount of $1,281.00 shall be entered.

---

[2] Trustee's motion for summary judgment sought a judgment of $1,939.00. Following Debtor's response to the motion, Trustee altered the amount to $1,281.00 (the sum of Debtor's state and federal refunds for 2005) in her reply. This is the same amount Debtor was ordered to turn over.

An order in accordance with this decision will be issued immediately.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Chad Paul Hanke
Tarkowsky-Baran Law Offices
3 North Main St
Suite 505
Mansfield, OH 44902

Dawn M. Suttle
Charles S. Suttle
950 Laver Rd.
Mansfield, OH 44905

Anne Piero Silagy
220 Market Avenue, South
Suite 300
Canton, OH 44702